## Case No. 4,315.

### In re EIDOM.

[3 N. B. R. 160 (Quarto, 39).] [1]

District Court, W. D. Texas. May 26, 1869.

DUVAL, District Judge. Peter McGreal, Esq., a creditor of said bankrupt [J. D. Eidom], filed his specifications in opposition to the granting of a discharge to said bankrupt. The case came on to be heard before the court, and a jury impanelled for that purpose, and said specifications having been overruled as insufficient, the case was dismissed and a discharge ordered to issue [Case No. 4,314].

Among the costs taxed against the unsuccessful creditor opposing the discharge, was the sum of five dollars for recording minutes of testimony in the register's office, and ten dollars as an attorney's fee, which said creditor alleges to be illegal, and moves the court to disallow and expunge. If I recollect aright, the testimony referred to was that resulting from an examination had of the bankrupt, under oath, before the register, previous to this creditor filing his objections against the discharge, and which he sought to introduce in evidence to sustain said objections. When a bankrupt is examined at the request of a creditor, the latter should pay the costs of the proceeding; if at the request of the assignee, the costs should come out of the assets of the estate. In either event, it is a matter affecting the register alone, and he should have provided for the payment of whatever compensation was due him for recording the bankrupt's examination. I am unable, with my present understanding of the matter, to see how it can properly be charged against the creditor, as a part of the costs in this proceeding. It is therefore disallowed.

In regard to the charge of ten dollars, attorney's fee. The opposition of a creditor to the application of a bankrupt for discharge creates a case for trial on the docket of the district court, and is accompanied with the usual incidents of such. The opposing creditor becomes plaintiff and the bankrupt defendant, and an attorney's fee becomes a proper charge in the bill of costs. The fee of ten dollars taxed in this case is therefore allowed. In re Jackson [Case No. 7,128].